### LUCY J. WALKER *vs.* ANDREW FURBUSH.

In this commonwealth an action for use and occupation will lie against a tenant at will, after he has left the premises without giving due notice of an intention to terminate his tenancy, although he afterwards derives no benefit therefrom.

THIS was an action for the use and occupation of a tenement, from October 1st, 1851, to January 1st, 1852. At the trial in the court of common pleas, before *Wells,* C. J. it appeared that the defendant had occupied the premises for several years as a tenant at will, paying rent quarterly on the 1st of April, July, October, and January; that he left the premises on the last day of September, 1851, giving the plaintiff no notice of intention to terminate his tenancy, and on the 8th of October, 1851, the plaintiff entered the house to shut a door that had been left open. Upon these facts the defendant contended that an action for use and occupation would not lie, but the presiding judge ruled otherwise, and the jury returned a verdict for the plaintiff. The defendant alleged exceptions.

*M. G. Cobb,* for the defendant. 1. In an action of assumpsit for rent on a lease at will, the plaintiff must show an entry and an actual occupation, or some beneficial enjoyment of the

premises by the defendant during the time declared for. 2 Dane Ab. 444, *c.* 55, Art. 2, § 10 ; 5 Ibid. *c.* 151, Art. 8, § 1 ; *Bellasis* v. *Burbrick,* Salk. 209 ; *Collins* v. *Barrow,* 1 M. & Rob. 112 ; 11 Geo. 2, *c.* 19, § 14 ; *Codman* v. *Jenkins,* 14 Mass. 95 ; *Gould* v. *Thompson,* 4 Met. 227 ; *Edwards* v. *Hether-ington,* 7 Dowl. & Ry. 117 ; *Cowie* v. *Goodwin,* 9 Car. & P 378 ; *Smith* v. *Marrable,* 1 Car. & M. 479 ; *Gilhooley* v. *Washington,* 4 Comstock, 217 ; *Wood* v. *Wilcox,* 1 Denio, 41 ; 2 Ib. 84 ; *Kendall* v. *Moore,* 17 Shepley, 331 ; *Tobie* v. *Smith,* 15 Shepley, 111 ; *Delano* v. *Montague,* 4 Cush. 46 ; Taylor's Land. & Ten. (2d ed.) § 641 ; *Croswell* v. *Crane,* 7 Barbour, 191.

*H. C. Hutchins,* for the plaintiff.

METCALF, J. As the defendant was tenant at will of the plaintiff, and the rent reserved was payable quarterly, it was necessary for him if he would determine the tenancy at will, by notice, to give the plaintiff three months' notice in writing. Rev. Sts. *c.* 60, § 26. But he quitted the demised premises at the end of a quarter, without giving the plaintiff any previous notice, and she has brought an action for use and occupation of those premises for the next quarter after they were so quitted. The single question before us is, whether such action can be maintained in such case.

There is some confusion in the books on the question whether by the English common law this action would lie. But by an act of parliament, ( *St.* 11 Geo. 2, *c.* 19, § 14,) it was made " lawful to and for any landlord or landlords, where the agreement is not by deed, to recover a reasonable satisfaction for the lands, tenements, or hereditaments, held *or* occupied by the defendant or defendants, in an action on the case for the use and occupation of what was so held *or* enjoyed." Mr. Dane says, that though it is not understood that this statute was adopted in Massachusetts, yet that " we have practised on the principles of it from the first settlement of the country." 2 Dane Ab. 442. See also Hob. (Amer. ed.) 284 *a,* note. And it is the established construction of this statute in the English courts, that if a tenant takes possession under the demise, actual occupation by him till the tenancy is

regularly determined, is not necessary in order to render him liable to the action for use and occupation. In that action, the landlord does not recover rent, but an equivalent for rent, namely : " a reasonable satisfaction for the lands, &c., held or enjoyed." If the defendant actually *holds*, though he does not actually occupy or enjoy, the action may be maintained against him. *Pinero* v. *Judson*, 6 Bing. 211, and 3 Moore & Payne, 504; *Izon* v. *Gorton*, 7 Scott, 547, and 5 Bing. N. R. 507; *Atkins* v. *Humphrey*, 2 Man. Grang. & Scott, 657. Therefore the landlord may recover for use and occupation, after the tenant quits, if he quits without giving the notice required by law to terminate the tenancy. In such case he holds the demised premises, within the meaning of the statute. *Redpath* v. *Roberts*, 3 Esp. R. 225; *Harland* v. *Bromley*, 1 Stark. R. 455; *Gibson* v. *Courthope*, 1 Dowl. & Ryl. 206; 2 Selw. N. P. (11th ed.) 1399, 1402; Comyn Land. & Ten. 389, 390; 1 Chit. Pl. (6th Amer. ed.) 377, 378.

In *Whitney* v. *Gordon*, 1 Cush. 266, it was distinctly announced by Shaw, C. J. that a tenant who, like the present defendant, quitted at the end of a quarter without giving legal notice, was *primâ facie* liable in an action for use and occupation, for the amount of another quarter's rent. And there is nothing in the case now before us, to rebut the *primâ facie* liability of the defendant to this action. The plaintiff's going into the house and shutting a door that had been left open when the defendant quitted, was not a taking of possession, which deprived her of a right to maintain this action; nor had it any legal tendency to show a waiver by her of the required notice of the defendant's intention to quit. *Griffith* v. *Hodges*, 1 Car. & P. 419; 3 Esp. R. and 1 Stark. R. *ubi sup.*

The cases cited by the defendant's counsel from the New York reports, to show that in an action for use and occupation, a recovery cannot be had beyond the period of actual occupation, were decided upon the terms of the revised statutes of that state, which are more restricted than those of the English *St.* 11 Geo. 2, *c.* 19.                *Exceptions overruled.*